IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, SHEET METAL )
WORKERS' NATIONAL PENSION )
FUND, *et al.*, )
                                  )
            Plaintiffs, )
                                  )    Civil Action No. 1:15cv0609 (AJT/JFA)
      v. )
                                    )
PETRIE MECHANICAL, LLC, )
                                    )
            Defendant. )
_____ )

FILED
FEB - 5 2016
CLERK U.S. DISTRICT COURT
ALEXANDRIA VA

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

      This matter is before the court on plaintiffs' motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 8). Plaintiffs are the Board of Trustees

of the Sheet Metal Workers' National Pension Fund ("NPF"), the Board of Trustees of the

International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the

Board of Trustees of the National Energy Management Institute Committee ("NEMIC"), and

the Board of Trustees of the Sheet Metal Occupational Health Institute Trust ("SMOHIT") and

they seek a default judgment against Petrie Mechanical, LLC ("Petrie"). Pursuant to 28 U.S.C.

§ 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings

of fact and recommendations, a copy of which will be provided to all parties.

### **Procedural Background**

      On May 12, 2015, the plaintiffs filed this action alleging that the defendant is obligated

to pay them for certain overdue contributions, liquidated damages, interest, late charges, and

attorney's fees and costs. (Docket no. 1). A waiver of the service of summons was filed with

the court on October 7, 2015. (Docket no. 4). In accordance with Federal Rule of Civil

1

Procedure 12(a), a responsive pleading was due no later than November 24, 2015, which is 60 days after the waiver was executed by the defendant. (*Id.*).

The defendant failed to file a responsive pleading in a timely manner and on December 3, 2015, the plaintiffs filed their request for entry of default. (Docket no. 6). The Clerk of Court entered default against the defendant pursuant to Federal Rule of Civil Procedure 55(a) on December 4, 2015. (Docket no. 7). On January 5, 2016, the plaintiffs filed a motion for default judgment with a supporting memorandum and declarations from Walter Shaw and David Mohl and a notice of hearing for January 22, 2016 at 10:00 a.m. (Docket nos. 8–12). The motion for default judgment, supporting memorandum, and notice of hearing were served on the defendant by mail on January 5, 2016. (*Id.*). On January 21, 2016, plaintiffs filed and served on defendant a notice of rescheduled hearing on motion for default judgment setting the hearing for February 5, 2016. (Docket no. 13). On February 5, 2016, counsel for the plaintiffs appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

### Factual Background

The following facts are established by the complaint (Docket no. 1), the motion for default judgment (Docket no. 8), and the memorandum and declarations filed in support of the motion for default judgment (Docket nos. 9–11).

This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. ¶ 1). Each of the plaintiffs are "fiduciaries" with respect to their fund, as defined in 29 U.S.C. § 1002(21)(A), and they are empowered to bring this action pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). (Compl. ¶ 5). The NPF and ITI are jointly trusted trust funds created and maintained pursuant

2

to 29 U.S.C. § 186(c) and "multiemployer plans" within the meaning of 29 U.S.C. § 1002(37). (*Id.*). NEMIC and SMOHIT are jointly trusted trust funds created and maintained pursuant to 29 U.S.C. § 186(c). (*Id.*). The funds for which the plaintiffs bring this action are administered in Fairfax, Virginia. (Compl. ¶ 3).

Petrie is a Wisconsin limited liability company with offices in Mt. Calvary, Wisconsin and is an employer in an industry affecting commerce as defined by 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), (11), and (12). (Compl. ¶¶ 6–7). Petrie employs employees represented for the purposes of collective bargaining by the Sheet Metal Workers' International Association Local Union No. 18, which is a labor organization representing employees in an industry affecting interstate commerce ("Local Union No. 18"). (Compl. ¶ 9). Petrie was a signatory to and bound by a collective bargaining agreement between the East Central Wisconsin Sheet Metal Contractors' Association, Inc. and Local Union No. 18 (the "Labor Contract"). (Compl. ¶ 10). Petrie is obligated to abide by the terms and conditions of the Trust Agreements establishing each of the funds, including any amendments thereto (the "Trust Agreements"). (Compl. ¶ 11).

Under the Labor Contract, Trust Agreements, and applicable law, Petrie is obligated to submit monthly remittance reports and fringe benefits contributions to the plaintiffs for all hours worked or paid on behalf of defendant's covered employees no later than the twentieth day after the end of each month during which covered work was performed. (Compl. ¶¶ 12–13). When an employer fails to make a timely remittance report and contribution payment and the funds file a lawsuit to recover unpaid contributions, the employer is obligated to pay interest on the delinquent contributions at the rate of 0.0233% per day, liquated damages equal to 20% of the delinquent contributions, and the attorney's fees and costs incurred in pursuing the delinquent

3

amounts. (Compl. ¶ 14). In addition, the Trust Documents require an employer to pay late fees for all contributions paid late, but prior to commencement of litigation, equal to the greater of 10% of the delinquent contribution or $50.00. (Compl. ¶ 15).

In the complaint, the plaintiffs allege that for the months of March 2014 through June 2014 and November 2014 through January 2015 the defendant employed employees for whom contributions were due to the plaintiffs but defendant failed to submit remittance reports and make the required contributions. (Compl. ¶ 18). Based on the remittance reports prepared and submitted to the plaintiffs by the defendant, the defendant owes contributions in the amount of $6,668.16 for the months of March 2014 through June 2014 and November 2014 through January 2015, along with accrued interest in the amount of $281.42, and liquated damages of $1,333.62. (Compl. ¶ 19). Plaintiffs also allege that for the period of July 2014 through October 2014 the defendant failed to pay the required contributions in a timely manner and defendant owes late fees in the amount of $394.27. (Compl. ¶ 20).

In the motion for default judgment, plaintiffs state that they are owed the amounts as detailed below. (Docket no. 8). As described in the memorandum in support of the motion for default judgment and the declarations of Walter Shaw and David Mohl, the plaintiffs are seeking an award of the unpaid contributions due for March 2014 through June 2014 and November 2014 through January 2015, interest through December 28, 2015, liquated damages, late fees, and attorney's fees and costs incurred in bringing this action.[1] (Docket nos. 9–11).

---

[1] There is a difference in the amounts sought in the motion for default judgment (Docket no. 8) and the complaint (Docket no. 1) because in the complaint the interest is calculated only up to the filing of the complaint and the motion for default judgment contains an itemization of the attorney's fees and costs sought.

| Plaintiff | Contributions | Interest through 12/28/2015 | Liquidated Damages | Late Fees | Costs and Attorney's Fees[2] | Total |
|---|---|---|---|---|---|---|
| NPF | $6,492.72 | $770.25 | $1,298.54 | $384.21 | $6,707.82 | $15,269.33 |
| ITI | $123.84 | $14.79 | $24.76 | $7.10 | $0.00 | $170.49 |
| NEMIC | $30.96 | $3.70 | $6.20 | $7.78 | $0.00 | $42.64 |
| SMOHIT | $20.64 | $2.46 | $4.12 | $1.18 | $0.00 | $28.40 |
| Total | $6,668.16 | $791.20 | $1,333.62 | $394.27 | $6,707.82 | $15,895.07 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

---

[2] The total amount of attorney's fees and costs are included with NPF, the lead plaintiff with the highest amount owed by the defendant.

5

## Jurisdiction and Venue

The plaintiffs allege that this court has subject matter jurisdiction under section 502 of ERISA, 29 U.S.C. § 1132. (Compl. ¶ 1). Section 502 provides that the district courts of the United States have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) because it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multiemployer plan. The plaintiffs further allege that this court has subject matter jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185. (Compl. ¶ 1). That section provides that United States district courts have jurisdiction over suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce. This case is also properly before the court pursuant to 29 U.S.C. § 185 because it is brought under the LMRA for violation of a contract between an employer and a labor organization.

Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The plaintiffs state that the respective funds are administered in Fairfax, Virginia. (Compl. ¶ 3). On September 25, 2015, the defendant executed a waiver of the service of summons. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over the defendant since the respective funds are administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the

defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant, and that venue is proper in this court.

## Grounds for Entry of Default

The defendant executed a waiver of the service of summons on September 25, 2015. (Docket no. 4). Under Federal Rule of Civil Procedure 12(a), a responsive pleading was due no later than November 24, 2015, which is 60 days after the waiver was signed by the defendant. After the defendant failed to file an answer or responsive pleading in a timely manner, the plaintiffs requested an entry of default on December 3, 2015. (Docket no. 6). The Clerk of Court entered a default on December 4, 2015. (Docket no. 7).

The undersigned magistrate judge recommends a finding that the defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant.

## Liability and Measure of Damages

Rule 54(c) of the Federal Rules of Civil Procedure provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the defendant did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, Petrie failed to submit all contributions owed to the funds for the period March 2014 through June 2014 and November 2014 through January 2015. (Compl. ¶ 18). Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to

7

enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of their claim for damages, plaintiffs submitted a declaration from Walter Shaw.  (Docket no. 10) ("Shaw Decl.").  Mr. Shaw is the Billing and Eligibility Manager of the NPF and he is familiar with the payment histories of employers obligated to make contributions to each of the plaintiffs.  (Shaw Decl. ¶ 1).  The information contained in the declaration of Mr. Shaw and the chart attached as Exhibit 3 to his declaration establish that Petrie owes the plaintiffs unpaid contributions for March 2014 through June 2014 and November 2014 through January 2015, interest from the date due until December 28, 2015, liquated damages calculated at 20% of the unpaid amount, and late fees for contributions paid in an untimely manner during the months of July 2014 through October 2014 in the following amounts:

| Plaintiff | Contributions | Interest through 12/28/2015 | Liquidated Damages | Late Fees | Costs and Attorney's Fees | Total |
|---|---|---|---|---|---|---|
| NPF | $6,492.72 | $770.25 | $1,298.54 | $384.21 | $6,707.82 | $15,269.33 |
| ITI | $123.84 | $14.79 | $24.76 | $7.10 | $0.00 | $170.49 |
| NEMIC | $30.96 | $3.70 | $6.20 | $7.78 | $0.00 | $42.64 |
| SMOHIT | $20.64 | $2.46 | $4.12 | $1.18 | $0.00 | $28.40 |
| **Total** | $6,668.16 | $791.20 | $1,333.62 | $394.27 | $6,707.82 | $15,895.07 |

The plaintiffs submitted a declaration from David Mohl detailing the attorney's fees and costs incurred in this action. (Docket no. 11) ("Mohl Decl."). The total amount of the attorney's fees incurred was $5,985.00. (Mohl Decl. ¶ 5). The attorney's fees request is comprised of 13.5 hours of attorney time and 18.0 hours of legal assistant time. (Mohl Decl. ¶ 5, Ex. 1). The amount of costs was $722.82, which is comprised of $400.00 for the filing fee, $177.00 in process server fees, $81.53 in courier fees, $36.34 in overnight delivery charges, $8.36 in postage fees, $18.00 in facsimile fees, $1.49 in telephone fees, and $0.10 in legal research fees. (Mohl Decl. ¶ 6). The hourly rate charged for the attorney time was $250.00 and the hourly rate for the legal assistant was $145.00. (Mohl Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Mr. Mohl and recommends a finding that the hourly rates charged and the costs incurred by the plaintiffs are reasonable.[3] After reviewing the individual time entries, the court finds that the total amount of time and the costs incurred in

---

[3] The Mohl declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable hourly rate. However, since the defendant has not contested the hourly rates in this case, the court will accept the allegations set forth by the plaintiffs concerning the reasonableness of those rates. The hourly rates and costs requested are consistent with the rates and costs incurred in similar cases and awarded by this court.

9

pursuing this action and the amounts billed were reasonable. While the total amount of hours billed in this matter are slightly higher than normal, it appears that a substantial amount of time was spent attempting to resolve with defendant's counsel.

For these reasons, the undersigned recommends that a default judgment be entered in favor of the plaintiffs against Petrie Mechanical, LLC as shown in the above chart. For that reason, the undersigned recommends a total judgment be entered against Petrie Mechanical, LLC in the amount of **$15,895.07**, which includes unpaid contributions of $6,668.16, interest of $791.20, liquated damages of $1,333.62, late fees of $394.27, and attorney's fees and costs of $6,707.82.

### Notice

By means of the court's electronic filing system and by mailing a copy of the proposed findings of fact and recommendations to Petrie Mechanical, LLC, 208 Fond du Lac Street, Mt. Calvary, Wisconsin 53057 and Brian D. Hamill, Dempsey Law Firm, LLP, 210 N. Main Street, Oshkosh, Wisconsin 54903, the parties are notified that objections to the proposed findings of fact and recommendations must be filed within fourteen (14) days of service of the proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on the proposed findings of fact and recommendations.

ENTERED this 5th day of February, 2016.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

10